UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA M. CRAWFORD, | ) | CASE NO.: 5:11CV1252 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Lisa M. Crawford to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for an R&R on Crawford's Appeal of the Social Security Administration's decision to deny her request for disability insurance benefits and supplemental security income. On February 28, 2012, Magistrate Judge Baughman issued his R&R recommending that the Commissioner's decision affirmed.

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are AFFIRMED.

  **I. Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable

mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Crawford's Objections

### A. Failure to Consider Obesity

Crawford contends that the Magistrate Judge erred in finding that the ALJ committed no error in analyzing the issues created by her obesity.   This Court finds no error.

SSR 02–01p contains the Commissioner's policy on obesity, provides that even though the SSA no longer classifies obesity as a listed impairment, adjudicators must still consider its effects when evaluating an individual's residual functional capacity. Soc. Sec. Rul. 02–01p, 2000 WL 628049, at *1.

> SSR 02–01p further explains that "[a]n assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment," 2000 WL 628049, at *6, but it does not offer "'any particular procedural mode of analysis for disability claimants.'" *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed.Appx. 435, 442–43 (6th Cir. Aug.12, 2010) (quoting *Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 412 (6th Cir. Jan.31, 2006)).
>
> An ALJ is allowed to use his "judgment to establish the presence of obesity based on the medical findings and other evidence in the case record, even if a treating source has not indicated a diagnosis of obesity." Soc. Sec. Rul. 02–01p, 2000 WL 628049, at *3. Obesity is a severe impairment if "alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." *Id.* at *5. As with other impairments, the plaintiff is generally charged with proving that she is disabled, and she must provide evidence that the ALJ can use to reach conclusions about her alleged medical impairments. *Cranfield v. Comm'r of Soc. Sec.*, 79 Fed.Appx. 852, 857 (6th Cir. Nov.3, 2003); 20 C.F.R. § 404.1512(a).

*Fletcher v. Astrue*, 2012 WL 769490, at *15 (M.D.Tenn. Mar. 7, 2012).

The R&R correctly notes that "none of the medical sources – treating, examining, or

reviewing – have identified any limitations related to obesity.  Moreover, Crawford's objections provide no reference to any part of the record that would support a finding that additional limitations should have been considered due to her obesity.  Instead, she highlights portions of the record that contain references to her height and weight.  However, none of these references suggest in any way that Crawford's obesity imposed any limitations upon her that should have been considered.  Accordingly, this objection lacks merit.

      B.  <u>Failure to Consider Environment Limitations</u>

In her second and final objection, Crawford contends that the R&R erred in finding that the ALJ committed, at most, harmless error in evaluating the environmental limitations suggested by the medical record.  The Court finds no error in the R&R.

"An 'environmental restriction' is an impairment-caused need to avoid an environmental condition in a workplace.  Definitions for various workplace environmental conditions are found in the SCO; e.g., 'extreme cold' is exposure to nonweather-related cold temperatures."  SSR 96-9p, 1996 WL 374185, at *8.  "In general, few occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat, wetness, humidity, vibration, or unusual hazards."  *Id.* at *9.  Moreover, SSR 83-14, 1983 WL 31, at *5 provides: "The need to avoid environments which contain objects or substances commonly known not to exist in most workplaces would be an obvious example of a restriction which does not significantly affect the medium occupational base."  However, "[r]estrictions to avoid exposure to odors or dust must also be evaluated on an individual basis. The RFC assessment must specify which environments are restricted and state the extent of the restriction; e.g., whether only excessive or even small amounts of dust must be avoided."  SSR 96-9p, *supra*, at *9.

In the instant matter, the medical evidence supports an environmental limitation – avoiding

concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. The parties also agree that this limitation was not contained in the ALJ's RFC. In his R&R, the Magistrate Judge concluded that any such error was harmless because it would not have affected the Step 5 ruling of the ALJ.

In her objection, Crawford essentially contends that such an outcome "is not known and not knowable." Effectively, Crawford contends that the error cannot be harmless. The Court finds no support for this contention.

The clear intent of the Social Security Rulings quoted above is to eliminate the need to consider environmental limitations within job categories where those limitations would ultimately have no affect on the ability to perform the stated job. In the instant matter, the vocational expert found that Crawford could perform the jobs of cashier, small products assembly, and companion. Upon review, the Court agrees with the R&R that any failure to include Crawford's alleged environmental limitations would not have altered this testimony. Rather, these jobs fall squarely within the occupational base that does not require, or even suggest, exposure to concentrated fumes, odors, gases, or poor ventilation. As such, failure to include this limitation would not have altered the outcome of the proceedings before the ALJ. This objection likewise lacks merit.

### III. Conclusion

The Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE. The judgment of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated: April 30, 2012                              /s/ John R Adams
                                                                        JUDGE JOHN R. ADAMS
                                                                        UNITED STATES DISTRICT JUDGE